## No. 780
### LEM v. STATE
#### No. 19211. Supreme Court

On motion for leave to file pet. in err. Dock. June 16, 1925; 3 Abs. 401.

**494. EXTORTION—Can crime of be based upon an indictment alleging subject matter to be "title to certain lands' 'rather than "money, goods, chattels or other things of value" as provided in statute.**

This case comes to the Supreme Court on motion for leave to file petition in error, to review judgments of the Cuyahoga Common Pleas and the Court of Appeals. Chin Jack Lem was tried and convicted in the Common Pleas upon an indictment which attempted to charge him with extortion under 13386 GC.

The indictment in part, read: "Chin Jack Lem- - -did then and there wilfully, maliciously, and feloniously orally threaten to kill one Wong Sing, for the purpose of extorting his

## OHIO SUPREME COURT—Continued

title, by deed of conveyance to certain lands of the value of $70,000- - - etc." The judgment of the lower court was affirmed by the Court of Appeals.

Lem objected to this indictment as not charging an offence punishable under the laws of Ohio by demurrer in the trial court and by proper procedure in each of the lower courts. It is claimed that the indictment fails to charge an intent to extort any of the things referred to in 13386 GC., and that it does not allege the character of the ownership of the land, nor Wong Sing's interest therein.

Section 13386 GC. provides "Whoever - - - maliciously and wilfully threatens - - - with intent thereby to extort money, goods, chattels or other things of value" can apply only to personality, and not to the title to real estate.

"Where an act is made punishable by fine and imprisonment, the words in which the offense is defined and punishment prescribed must be strictly construed, whether they are found in a statute or in an ordinance or by-law; and general words following particular and specific words, must, ordinarily, be confined to things of the same kind as those specified." Schultz v. Cambridge, 38 OS. 659.

It is argued that this case does not present the problem of construing a statute to cover admitted evils which would otherwise go unpunished; it is, instead, the construction of a statute under which an extremely severe punishment is imposed for certain, specified variations of a crime which is already in, general terms forbidden and punished by penalties comparatively light. (Sections 12423 and 13385 GC.)

It is claimed that the indictment was fatally defective in its failure to allege that the person threatened had any ownership in the land; and that the state is entitled to no presumption that Wong Sing had any ownership or control over lands referred to in the indictment; and there is nothing therein from which any statement can be inferred that Wong Sing could execute or deliver any deed to this land which would have any legal effect whatever.

Attorneys—Boyd, Cannon, Brooks & Wickham for Lem; E. C. Stanton for State; all of Cleveland.